NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-CV-52-JMH

MISTY LYNN WESLEY                                                                            PLAINTIFF

VS:                  **MEMORANDUM OPINION AND ORDER**

MEDICAL STAFFING NETWORK, ET AL.                              DEFENDANTS

\* \* \* \* \* \*

This matter is before the Court on four separate but interrelated motions: (1) Defendant Temps, Inc.'s renewed motion to dismiss [Record No. 92]; (2) Defendants St. Joseph Hospital's and St. Joseph Medical Center East's renewed motion to dismiss [Record No. 93]; (3) *Pro se* Plaintiff's renewed motion for summary judgment against Defendant Temps, Inc. [Record No. 95]; and, (4) Defendant Management Decisions, Inc.'s renewed motion to dismiss [Record No. 100]. The motions having been fully briefed, and the Court being otherwise sufficiently advised, the matter stands ripe for review.

**BACKGROUND**

*Pro se* plaintiff Misty Wesley filed the instant action on February 5, 2004. Plaintiff's complaint alleges various acts of employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* The complaint names seven defendants. On February 17, 2004, the Court entered an Order dismissing the complaint as to defendants St. Joseph Hospital; St. Joseph Medical Center East; Temps, Inc.("Temps"); Medical Decisions, Inc. ("MDI"); and Medical Staffing Network on the grounds that the plaintiff failed to obtain the requisite right-to-sue

1

letters from the Equal Employment Opportunity Office ("EEOC") [Record No. 5].[1]  In response, Plaintiff filed a 60(b) motion in which she successfully demonstrated that she had obtained the requisite right-to-sue letters [Record No. 20].  Because the plaintiff's subsequent receipt of the right-to-sue letters operated to cure the initial filing defect, the Court reopened the case against the five aforementioned defendants and directed summons be issued to each of them [Record No. 23].

On March 3, 2005, the case took an unexpected turn - Plaintiff filed what the Court construed as a notice of appeal [Record No. 84].  Noting that the filing of a valid notice of appeal divests the district court of jurisdiction over an action, the Court denied all pending motions without prejudice, and stated that the parties could renew their respective motions pending further rulings from the Sixth Circuit Court of Appeals [Record No. 88].[2]  On May 6, 2005, the Sixth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction; the order from which Wesley appealed was not a final or appealable order terminating all issues present in the litigation.

Four of the five remaining defendants now renew their motions to dismiss.  Plaintiff also filed a motion renewing her motion for summary judgment on defendant Temps.  As Plaintiff never filed an original motion for summary judgment against defendant Temps, it appears that the motion

---

[1] The Court dismissed the claims against the other two defendants, the Kentucky Human Rights Commission and the Commonwealth of Kentucky Labor Cabinet, based on Eleventh Amendment immunity.

[2] The pending motions that were denied without prejudice are as follows:  "Motion to Dismiss" filed by Defendants St. Joseph Hospital, St. Joseph Medical Center East [Record No. 28]; "Motion to Dismiss" filed by Defendant Medical Staffing Network [Record No. 38]; "Motion to Dismiss" filed by Defendant Temps, Inc. [Record No. 45]; "Motion to Dismiss" filed by Defendant Management Decisions Incorporated [Record No. 74]; "Motion for Default pursuant to FRCivP 60(a)&(b) on the 'Identified' Defendant, Temps, Inc., under FRCivP 4(e)(2)" filed by the plaintiff [Record No. 76]; "Motion to Amend Order Dated 8/23/04" filed by the plaintiff [Record No. 77]; and, "Motion for Sanctions" filed by the plaintiff [Record No. 78].

she wishes to renew is her "Motion for Default pursuant to FRCivP 60(a)&(b) on the 'Identified' Defendant, Temps, Inc., under FRCivP 4(e)(2)" [Record No. 76]. The Court will examine each of these motions, in turn, below.

## DISCUSSION

As an initial matter, it bears noting that Plaintiff is a frequent litigator in this Court. Since November 14, 2003, Plaintiff has filed a total of seven lawsuits against a multitude of defendants.[3] The instant action is the only case that remains pending. It also bears noting that the Court has continually warned the plaintiff about the tone and tenor of her motions, many of which make disrespectful and inappropriate remarks about members of this Court. The undersigned has specifically informed Plaintiff that such contempt, insolence, and lack of decorum will not be tolerated. In fact, on February 8, 2005, the Court found the Plaintiff in contempt of Court and fined her $500.00. Moreover, the Court stated that if Plaintiff failed to cure her contempt by paying the sum of $500.00, she would be precluded from filing any future civil actions in any division of this Court. As of the date of entry of this Order, Plaintiff has not paid the $500.00 contempt fine. Moreover, the filings Plaintiff has currently placed before the Court continue to display her disrespect.

**I.    Defendant Temps, Inc.'s Renewed Motion to Dismiss**

Defendant, Temps, moves the Court to dismiss Plaintiff's complaint for failure to state a

---

[3] (1) *Wesley v. Harrison Memorial Hospital, et al.*, Lexington Civil Action No. 03-CV-499 (Hon. Karl S. Forester, presiding); (2) *Wesley v. Ephraim McDowell Regional Medical Center, et al.,* Lexington Civil Action No. 03-CV-500 (Hon. Joseph M. Hood, presiding); (3) *Wesley v. Columbia Hospital Georgetown, et al.*, Lexington Civil Action No. 04-CV-70 (Hon. Jennifer B. Coffman, presiding); (4) *Wesley v. St. Luke West*, Covington Civil Action No. 04-CV-123 (Hon. William O. Bertelsman, presiding); (5) *Wesley v. Good Samaritan Hospital*, Lexington Civil Action No. 04-CV-263 (Hon. Joseph M. Hood, presiding); (6) *Wesley v. Tommy Ray McClanahan, Jr.*, Lexington Civil Action No. 04-CV-535 (Hon. Karl S. Forester, presiding).

3

claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

A district court may dismiss a suit pursuant to Rule 12(b)(6) if the plaintiff fails to state a claim for which relief may be granted. *See Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 205 F.3d 906, 909 (6th Cir. 2000). A complaint should only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). While "[a]ll factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor" *Persian Galleries Inc. v. Transcontinental Ins. Co.,* 38 F.3d 253, 258 (6th Cir. 1994), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003) (*quoting Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)). Also, while a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990) (*quoting Conley,* 355 U.S. at 47), the plaintiff must assert more than bare legal conclusions. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993) (*citing Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid,* 859 F.2d at 436 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Plaintiff's response to Temp's renewed motion to dismiss wholly fails to address the arguments raised in Temp's motion [Record No. 94]. Instead, Plaintiff's response asserts sufficient

service of process. As Temps has not sought to dismiss Plaintiff's complaint on the basis of improper service of process, Plaintiff's arguments are irrelevant to the instant motion.

  A. <u>Retaliation</u>

In order to state a claim for retaliation pursuant to Title VII, Federal Courts have consistently held that a plaintiff must affirmatively plead the following elements: (1) she engaged in a protected activity pursuant to Title VII; (2) she suffered an adverse employment decision; and (3) there is a causal connection between the protected activity and the adverse employment decision. *See Little v. BP Exploration & Oil Co.,* 265 F.3d 357, 363 (6th Cir. 2001). A plaintiff can establish involvement in a protected activity by evidence that she made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C.A. §2000e-3(a). Protected activity, however, includes not only participation in EEOC or similar proceedings, but opposition to an employment practice that is unlawful under Title VII. 42 U.S.C.A. §2000e-3(a). Thus, a plaintiff can also prove participation in protected activity by showing that she opposed an unlawful employment practice.

In the instant case, Plaintiff's complaint fails to allege that she engaged in any protected activity pursuant to Title VII. Plaintiff's complaint sets forth the following allegation:

> Temps Inc is added to this [action] ... by the employer purposefully discriminating against the plaintiff due to her intolerance of these illegal employer proceedings as well as allowing the scheduler to harass the plaintiff which falls under the retaliation provision of the Title VII Civil Rights Act of 1991...

[Record No. 1; Paragraph 89]. Clearly, the above allegation does not assert that the plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. Nor does Plaintiff's complaint allege that she complained to Temps about any discriminatory actions taken against her. If fact, Plaintiff's complaint fails to allege that she ever

5

made a complaint of any kind to Temps indicating that she believed she was being subjected to unlawful treatment under TitleVII. Plaintiff's complaint simply fails to set forth sufficient facts on which a claim for retaliation can be based. Further, as stated above, Plaintiff did nothing to elucidate her claims in her Response to Defendant Temps' motion to dismiss. Because Plaintiff has not identified any protected activity in which she engaged, her complaint fails to state a claim of retaliation for which relief can be granted.

B.   Gender Discrimination

Paragraph 90 of Plaintiff's complaint sets forth her allegation of gender discrimination. In said paragraph she states:

> ...the scheduler at Temps Inc further discriminated against the plaintiff by lying to her as well as the clients about her availability and assigning yet another female to the clients further proving purposeful discrimination of the agency. (Gender discrimination covered under a wage disparity claim and the Equal Pay Act[)].

[Record No. 1, Paragraph 90].

To make out a *prima facie* case for gender discrimination under Title VII, a plaintiff must show that she was (1) a member of a protected class; (2) subjected to an adverse employment action; (3) qualified for the job; and (4) replaced by a person outside the protected class. *Peltier v. US,* 388 F.3d 984, 987 (6th Cir. 2004) (citing *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1246 (6th Cir. 1995) .

In the instant case, Plaintiff alleges that Defendant Temps assigned another female to the jobs from which she was removed. Thus, Plaintiff's allegation defeats her claim. As stated above, in order to establish gender discrimination, Plaintiff must plead that she was either replaced by a non-female employee, or that non-female employees were treated more favorably than Plaintiff. In sum, Plaintiff's complaint fails to state a *prima facie* case of gender discrimination as Plaintiff alleges

facts that defeat the fourth required element of a gender discrimination claim - that she was treated differently from similarly situated members of the unprotected class.

    C.    <u>Harassment/Equal Pay Act Violation</u>

Finally, Temps asserts that, insofar as Plaintiff's complaint contains charges of harassment and Equal Pay Act violations, such claims should be dismissed because Plaintiff failed to allege those claims in the charge she filed with the EEOC. As more fully discussed in the Court's February 17, 2004 Order [Record No. 5], Title VII of the Civil Rights Act of 1964, as amended, requires a plaintiff to file a charge of discrimination with the EEOC, and obtain a Notice of Right to Sue from that agency, prior to bringing suit in court. 42 U.S.C. §2000e-5(e)(1). "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." *Weigel v. Baptist Hosp. of East Tennessee,* 302 F.3d 367, 379 (6th Cir. 2002) (quoting *Strouss v. Mich. Dep't. of Corr.,* 250 F.3d 336, 342 (6th Cir. 2001).

In her Charge of Discrimination, Plaintiff alleged as follows:

> I have been employed by Temps, Inc. for approximately 7 months as an X-ray Technologist. I believe that I have not been assigned to work because of my gender, Female, my race, White and in retaliation for complaining of gender and racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, and also because of my disability, and in retaliation for complaining of disability discrimination, in violation of the Americans with Disabilities Act of 1990.

[Record No. 63, Exhibit A]. No allegations of harassment or Equal Pay Act violations appear in Plaintiff's EEOC complaint, nor can it be said that they are charges reasonably expected to grow out of her EEOC complaint. *See, Weigel* 302 F.3d at 379. Because Plaintiff is limited to the allegations in her EEOC charge, the Court lacks jurisdiction over her harassment and Equal Pay Act claims. Defendant Temps is entitled to a judgment as a matter of law with respect to these claims.

For the foregoing reasons, Plaintiff's claims against Defendant Temps are dismissed in their entirety.

**II.     Defendants St. Joseph Hospital, and St. Joseph Medical Center East's Renewed Motion to Dismiss**

Defendants St. Joseph Hospital and St. Joseph Medical Center East renew their previously filed motion to dismiss for insufficient service and failure to comply with Federal Rule of Civil Procedure 4, pursuant to Federal Rule of Civil Procedure 12(b)(5), and for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) [Record No. 93]. In addition to the grounds set forth in their prior memoranda, these defendants seek to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 11 for bad faith filing.

Rule 11 allows a court to impose sanctions upon attorneys and/or parties who are responsible for filing documents with the Court for improper purposes such as harassment or delay. Fed. R. Civ. P. 11. Further, Rule 11 prohibits the assertion of frivolous claims. *Id.* The standard for imposing sanctions under Rule 11 is an "objective determination of whether the sanctioned party's conduct was reasonable under the circumstances." *Fred A. Smith Lumber Co. v. Edidin,* 845 F.2d 750, 752 (7th Cir. 1988) (quoting *Brown v. Federation of State Medical Boards of the United States,* 830 F.2d 1429, 1435 (7th Cir.1987). While dismissal of a lawsuit for a Rule 11 violation is a severe sanction, when a litigant's conduct abuses the judicial process, the Supreme Court has recognized that dismissal is a remedy within the inherent power of the Court. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991). It is clear that "[f]rivolous litigation injures the judicial system and other litigants, whose day in court is postponed as judges must devote time to needless [actions] and heedless litigants." *Frantz v. United States Powerlifting Federation,* 836 F.2d 1063, 1066 (7th Cir. 1987).

As noted above, Plaintiff is a frequent litigator in this Court. In one of Plaintiff's many

employment related lawsuits, *Wesley v. Ephraim McDowell Regional Medical Center, et al.,* Lexington Civil Action No. 03-cv-500-JMH, Plaintiff stated that she was attempting to win the Nobel Prize by conducting a "Human Mind Reversed Criminal Psychology Project." (*Wesley v. Ephraim McDowell Regional Medical Center, et al.,* Lexington Civil Action No. 03-cv-500-JMH, Record No. 93). She admitted that the project was docketed as *Wesley v. Columbia Hospital, et al.,* Lexington Civil Action No. 04-cv-70-JBC. *Id.* She further admitted that the defense attorneys in both the aforementioned cases were being used as "human lab rats," and were part of the experiment. *Id.*

Unlike the two cases mentioned above, in the instant case Plaintiff has not made any sort of express assertion that she instituted the lawsuit *sub judice* as part of her "Human Mind Reversed Criminal Psychology Project." Plaintiff's only statement regarding her psychological experiment appears in her response to St. Joseph Hospital's and St. Joseph Medical Center East's renewed motion to dismiss, wherein she states, "my reversed criminal psychology project...is my perogative [sic] to have as well as within my constitutional rights..." [Record No. 96]. Thus, while the Court is of the opinion that Plaintiff filed the *Ephraim McDowell* and *Columbia Hospital* actions only as a means to conduct a psychological experiment, the Court cannot be sure that such abuse of the judicial process occurred in the instant case.

Dismissal with prejudice, while drastic, is an appropriate remedy under Rule 11, as well as the inherent power of the Court, to curb abuse of the judicial process. However, because the Court cannot be sure that abuse of the judicial process occurred, such a remedy is not appropriate in the instant case.

Regardless of the Court's leniency with regards to what it considers Plaintiff's bad faith

filings, the Plaintiff has not met her burden of setting forth such allegations necessary to pursue a claim before this Court. While the plaintiff's complaint sets forth a long description of ways in which she feels she has been wronged by various employers, even if true, the wrongs alleged to have been committed by St. Joseph Hospital and St. Joseph Medical Center East do no constitute a claim under Title VII. Title VII was designed not as a general civility code, but to protect certain classes of people from discrimination in the workplace. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998). As stated above, Title VII prohibits an employer from discriminating on the basis of race, color, religion, sex, or national origin. *Wathen v. General Electric Co.,* 115 F.3d 400, 405 (6th Cir. 1997) (citing 42 U.S.C. 2000e-2(a)). Presumably, Plaintiff's complaint attempts to make a claim of discrimination based on sex, however, nowhere in her complaint does she state that the allegedly discriminatory actions taken by defendants St. Joseph Hospital and St. Joseph Medical Center East were due to the fact that she is a female. The fact that the plaintiff labels her claims as falling under Title VII and describes conduct occurring in the workplace is not enough. A plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Board of Education,* 76 F.3d 716, 726 (6th Cir. 1996). Rather, a plaintiff's complaint must contain either direct or inferential allegations with respect to all material elements of a viable legal theory in order for the plaintiff to go forward. *Id. (*quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). In the instant matter, the plaintiff has not set forth such allegations. Accordingly, Plaintiff's complaint against Defendants St. Joseph Hospital and St. Joseph Hospital East must be dismissed in its entirety.

**III.    Plaintiff's Renewed Motion for Summary Judgment against Defendant, Temps, Inc.**

As mentioned above,   Plaintiff never filed an original motion for summary judgment against

defendant Temps. Thus, it appears to the Court that the motion Plaintiff wishes to renew is her "Motion for Default pursuant to FRCivP 60(a)&(b) on the 'Identified' Defendant, Temps, Inc., under FRCivP 4(e)(2)" [Record No. 76]. For the reasons discussed below, Plaintiff's motion is denied.

On May 19, 2004, the Court issued summons to Defendant Temps. Plaintiff personally delivered a copy of the summons and the complaint to Temps' office in Lexington, Kentucky on June 2, 2004. Temps states that on June 21, 2004, another individual served a copy of the summons and complaint to their office. Temps responded to Plaintiff's complaint by filing a motion to dismiss on July 1, 2004.

Plaintiff first filed a motion seeking a default judgment against Defendant Temps on June 24, 2004 [Record No. 42]. In said motion Plaintiff explained that she had served Temps on June 2, 2004, and that Temps had, as of the date of filing, failed to file a responsive pleading. The Court denied Plaintiff's motion by Order dated July 1, 2004 [Record No. 44], however, the Court did not engage in a thorough analysis as to why. Seemingly, due to the lack of analysis, Plaintiff did not understand the Court's Order. Undeterred by the Court's ruling, Plaintiff filed a motion for sanctions on July 8, 2004, again arguing that Temps was in default [Record No. 58]. The Court again denied Plaintiff's motion by Order dated July 15, 2004 [Record No. 61]. On August 31, 2004, Plaintiff filed yet another motion for default [Record No. 76]. Due to Plaintiff's subsequent appeal, however, the Court denied Plaintiff's motion without prejudice [Record No. 88]. Plaintiff now renews her prior motion for default.

Defendant Temps is not, nor has ever been, in default during this litigation. Pursuant to Federal Rule of Civil Procedure 4(c)(2), "[s]ervice may be effected by any person who is *not a party*

and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added). Because Plaintiff is a party to the above-captioned action, her service on June 2, 2004, was improper. Because Plaintiff's service was improper, Defendant Temps was not required to respond. Temps was not properly served until June 21, 2004, when another individual delivered a copy of the summons and the complaint to Temps' offices. Pursuant to Federal Rule of Civil Procedure 12, a defendant must file a responsive pleading "within 20 days after being [properly] served with the summons and complaint..." Fed. R. Civ. P. 12(a). Temps filed a proper responsive pleading - a motion to dismiss - on July 1, 2004, well within the 20 days allotted by the Rule. Accordingly, Defendant Temps is not in default and Plaintiff's motion for summary judgment due to default is denied.

### IV. Defendant Management Decisions, Inc.'s Renewed Motion to Dismiss

In the instant matter, Defendant MDI renews its previously filed motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6). Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will grant MDI's motion to dismiss. For the same reason, the Court declines to consider MDI's other grounds for dismissal.

The allegations contained in Plaintiff's complaint, as they relate to Defendant MDI, are as follows:

> 63) Plaintiff alleges that MDI Agency phoned the Plaintiff at UK Medical Center trying to attempt to recruit X-Ray Technologists to work for this facility.
>
> 64) Plaintiff states that the MDI representative's name was Micheal [sic] Lepore.
>
> 65) Plaintiff alleges that she and the MDI representative entered into a biding and enforceable employment implied and express contract.
>
> 66) Plaintiff alleges by the electronic communications on record shows that there was a definite offer and acceptance with the MDI Agency.
>
> 67) Plaintiff alleges that as Michael Lepore began asking her about where she had

worked and what was her strengths and weaknesses, he specifically mentioned St. Joseph Hospital and asked if she had worked there on any occasion.

68) Plaintiff alleges that the MDI representative Michael Lepore then proceeded to call Mr. Mark Adkins, stating that he had recruited a contracted employee that had worked for him on previous occasions.

69) Plaintiff alleges that then the St. Joseph representative, Mark Adkins, then proceeded to give her a negative reference in retaliation for her intolerance to the illegal activity and the hostility in the work environment.

[Record No. 1]. Plaintiff does not make any other allegations about MDI. In fact, the only other time MDI is mentioned is in what appears to be Plaintiff's prayer for relief wherein she seems to suggest that paragraphs 63 through 69 of the Complaint are her attempt to state claims against MDI for: (1) "refusal to hire only due to a negative reference," (2) breach of contract, (3) breach of implied promise, and (4) fraud. [Record No. 1].

Plaintiff's response to MDI's renewed motion to dismiss wholly fails to address the arguments raised in MDI's motion [Record No. 102]. Instead, Plaintiff's response details the "permanent impeachment processing" she will implement against "Joseph." Not only are Plaintiff's arguments irrelevant to the instant motion, they are yet again disrespectful and belligerent. Further, they are in direct contravention of clear, unambiguous orders of this Court. As such, the Court refuses to recognize Plaintiff's response brief [Record No. 102].

The standard of review on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is fully set out in Subsection I of this Order.

    A.  <u>Refusal to Hire</u>

MDI is a placement agency that provides information technology staffing and professional services to its clients. The gravamen of Plaintiff's claims against MDI surround MDI's refusal to hire Plaintiff, or more accurately refusal to place Plaintiff for hire, after receiving a negative

reference from one of Plaintiff's former employers. Taking Plaintiff's allegations as true for purposes of this Order, as this Court must, Plaintiff alleges that MDI is liable to her for doing something well within its rights to do - decline to place her after receipt of a negative reference. Accordingly, Plaintiff's claim for refusal to hire fails to state a claim upon which relief may be granted and is hereby dismissed.

      B. Breach of Contract/Breach of Implied Promise

Employment in Kentucky is at will unless the parties agree otherwise. *Scroghan v. Kraftco Corp.,* 551 S.W.2d 811, 812 (Ky. App. 1977) (citing *Production Oil Co. v. Johnson*, 313 S.W.2d 411 (Ky. 1958). As there are no allegations that the parties agreed to a definite term of employment, or that the alleged contract contained a covenant not to terminate without cause, Plaintiff's complaint fails to allege sufficient facts to establish breach of contract or breach of implied promise (of employment) under Kentucky law. *See McNutt v. Mediplex of Ky., Inc.,* 836 F. Supp. 419, 420 (W.D. Ky. 1993). Accordingly, insofar as Plaintiff's complaint alleges claims of breach of contract and breach of implied promise, such claims fail as a matter of law.

      C. Fraud

Except for Plaintiff's conclusory statement that MDI is liable for fraud, at no point in her complaint did Plaintiff cite any fraudulent misrepresentation made by MDI. In fact, not one of the seven paragraphs in which MDI is mentioned allege any fact that would support even one element of a cause of action for fraud under Kentucky law. As such, Plaintiff's fraud claim against MDI is dismissed as a matter of law.

Because Plaintiff's allegations are conclusory and do not reflect that MDI acted in a manner that could give rise to a cognizable claim under either federal or state law, Plaintiff's claims against

Defendant MDI are dismissed in their entirety.

**V.    Attorney Fees**

Defendants Temps and MDI have asked the Court to award them costs and reasonable attorney's fees incurred in responding to Plaintiff's complaint. While the Court generally provides leniency to a party appearing *pro se*, in the instant case the Plaintiff's pattern and practice of harassing, time-consuming, and abusive use of the tools of litigation clearly merits sanction. Not only was the instant action unreasonable, without foundation, vexatious, and brought in bad faith, the instant Plaintiff has a demonstrated history of such filings with this Court. This Court has continually cautioned Plaintiff about the possibility of imposing sanctions; today, the Court makes good on its unheeded admonitions. Defendants Temps' and MDI's requests for costs and reasonable attorneys' fees associated with responding to Plaintiff's complaint are granted.

## CONCLUSION

Accordingly, for the reasons discussed above, **IT IS ORDERED**:

(1) That Defendant Temps, Inc.'s renewed motion to dismiss [Record No. 92] be, and the same hereby is, **GRANTED**.

(2) Defendants St. Joseph Hospital's and St. Joseph Medical Center East's renewed motion to dismiss [Record No. 93] be, and the same hereby is, **GRANTED**.

(3) *Pro se* Plaintiff's renewed motion for summary judgment against Defendant Temps, Inc. [Record No. 95] be, and the same hereby is, **DENIED**.

(4) Defendant Management Decisions, Inc.'s renewed motion to dismiss [Record No. 100] be, and the same hereby is, **GRANTED**.

(5) Defendants, Temps, Inc., and Management Decisions, Inc., be, and the same hereby are,

**AWARDED COSTS AND REASONABLE ATTORNEYS' FEES** incurred in responding to Plaintiff's complaint.

(6) Defendants, Temps, Inc., St. Joseph Hospital, St. Joseph Medical Center East, and Management Decisions, Inc., be, and the same hereby are, **DISMISSED AS PARTIES TO THE ABOVE CAPTIONED ACTION**.

(7) *Pro se* Plaintiff's claims against Defendant, Medical Staffing Network, **REMAIN PENDING.**

This the 13th day of October, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge